**FILED**
**JUN 2 3 2015**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES K. LARRY, )
)
        Petitioner, )
)
                  ) Case: 1:15-cv-00981
v. ) Assigned To : Unassigned
) Assign. Date : 6/23/2015
A.L. HILL, *et al.*, ) Description: Pro Se Gen. Civil (F Deck)
)
        Respondents. )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Petitioner, who served in the United States Marine Corps, has been diagnosed with Post Traumatic Stress Disorder. Compl. at 1 (page numbers designated by plaintiff). In October 2005, petitioner "received a total 30% evaluation," and he disputes this conclusion "claiming entitlement to a total rating based upon individual unemployability due to his Service Connected . . . disability." *Id.* Although the Board of Veterans Appeals remanded plaintiff's claim to the Regional Office in Montgomery, Alabama "for further evaluation," *id.* at 1-2, the Regional Office has yet to comply, *id.* at 2. Petitioner demands a writ of mandamus "to compel the respondents to undertake such actions and efforts required to resolve the matter as to their failure to complete their evaluation of [petitioner] as to his claim of eligibility for Total Disability Individual Unemployability." *Id.* at 4.

The Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to

veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decision "to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* Therefore, this federal district court does not have jurisdiction over matters relating to veterans benefits or the manner in which such claims are handled *See Price v. United States*, 228 F.3d 420, 421-22 (D.C. Cir. 2000) (per curiam) ("As amended by the Veterans Judicial Review Act . . . , the Veterans' Benefits Act of 1957 . . . precludes judicial review in Article III courts of [Veterans Administration] decisions affecting the provision of veterans' benefits"), *cert. denied*, 534 U.S. 903 (2001); *Beamon v. Brown*, 125 F. 3d 965, 974 (6th Cir. 1997) (dismissing for lack of subject matter jurisdiction plaintiffs' challenge to constitutionality of procedures by which Regional Office and Board of Veterans Appeals adjudicate claims for benefits).

The Court will dismiss the complaint for lack of subject matter jurisdiction. An Order is issued separately.

DATE: 6/18/15

/s/ 
United States District Judge